[No. E005876. Fourth Dist., Div. Two. Oct. 18, 1989.]

F. SCOTT NASSIF, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE DESERT JUDICIAL
DISTRICT OF SAN BERNARDINO COUNTY, Defendant and
Respondent;
THOMAS DEPNER, Real Party in Interest and Respondent.

## COUNSEL

Gale W. Slauson for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Richard A. Stack for Real Party in Interest and Respondent.

## OPINION

**HOLLENHORST, J.**—This is a purported appeal from a judgment denying a petition for writ of mandate to compel the municipal court to dismiss an action for failure to prosecute within five years. Appellant (Nassif) contends that, when two actions have been filed, the five-year period runs from the filing of the first complaint in the first action and accordingly the court erred in denying his motion to dismiss. As we explain, we reluctantly disagree.

### FACTS

Real party in interest, Thomas Depner (Depner), filed an action against Nassif in June of 1981 for breach of written lease (C-6932). This action was dismissed on February 20, 1985, for failure to bring to trial within three years. On March 4, 1985, Depner filed a second suit for breach of written lease. The second action appears to seek damages for at least some of the same breaches as alleged in the first complaint.

On January 14, 1988, appellant moved to dismiss the second action on the grounds that Depner had failed to prosecute his action within five years.[1] Nassif contended the five-year period under Code of Civil Procedure section 583.310 runs from the filing of the complaint in the first action.[2]

---

[1] Prior to this motion, Nassif had sought dismissal on the grounds that the dismissal of the first action was res judicata. Although the municipal court granted this motion, it was properly reversed by the superior court appellate department. The remittitur was filed on April 25, 1986. Nassif does not include the time period during which this appeal was pending in his calculation of the five-year period.

[2] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

When this motion was denied, Nassif filed a petition for writ of mandate in the superior court to compel the municipal court to dismiss the action for failure to prosecute. The petition was denied and Nassif filed the instant appeal.

## APPEALABILITY

■ Section 904.1, subdivision (a) specifically states a judgment granting or denying a petition for writ of mandate directed to a municipal court which relates to a matter pending in the municipal court is not appealable. However, such a judgment is reviewable in this court's discretion upon a petition for an extraordinary writ. It is clear Nassif's appeal is not proper and must be dismissed. However, because the case appears to involve a novel interpretation of the dismissal statutes and no one has objected to our reviewing the matter, we will treat the appeal as a petition for extraordinary relief. (*Heldt* v. *Municipal Court* (1985) 163 Cal.App.3d 532, 534, fn. 1 [209 Cal.Rptr. 579].)

## DISCUSSION

■ ■ ■ ■ ■ Nassif contends Depner should not be rewarded with a new five-year period simply by refiling his complaint when he already has unreasonably delayed to Nassif's prejudice[3] and further contends the five-year period provided in section 583.310 should be deemed to run from the filing of the complaint in the first action. We have been unable to find any cases which support this contention.[4]

Section 583.310 requires "an action" to be brought to trial within five years after it is "commenced against the defendant." Nassif in essence asks us to determine that "action" as used in section 583.310 includes all suits wherein the same cause of action is asserted and therefore to conclude that an action commences for purposes of the five-year period upon the filing of the first complaint in the first action.

---

[3] Nassif contends the court in the first action specifically found he was prejudiced by the delay. However, we are unable to find any support for this contention in the record before us. The notice of ruling in the first action simply states the court considered the criteria set forth in California Rules of Court, rule 203.5(e) and finds dismissal proper. However, the law presumes prejudice from unreasonable delay. (*Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 401 [153 Cal.Rptr. 912].)

[4] Nassif's reliance on *Fannin Corp.* v. *Superior Court* (1974) 36 Cal.App.3d 745 [111 Cal.Rptr. 920] and *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383 [153 Cal.Rptr. 912] is misplaced. In *Fannin,* the court was called upon to determine how much time remained under the five-year statute after an appeal from a discretionary dismissal in the *same action.* In *Lopez* the court simply held that the fact the statute of limitations has not expired does not preclude a court from granting a discretionary dismissal. Nothing in either of these cases indicates the five-year period is calculated from the filing of the complaint in the first action.

■ "Statutes are required to be given effect according to the usual, ordinary import of the language used in framing them." (*Gray* v. *Firthe* (1987) 194 Cal.App.3d 202, 208 [239 Cal.Rptr. 389].) "Action" is defined in the dismissal statute as including "an action commenced by cross-complaint or other pleading that asserts a cause of action or claim for relief." (§ 583.110, subd. (a).) No further definition is found. Generally an action is defined as a proceeding wherein one asserts a right or seeks redress for a wrong. (§ 22.) An action is usually deemed to commence upon the filing of a complaint (§§ 350 & 411.10) and remains pending until the judgment is final. (§ 1049.) ■ An action is not limited to the complaint but refers to the entire judicial proceeding at least through judgment and is generally considered synonymous with "suit." (*Palmer* v. *Agee* (1978) 87 Cal.App.3d 377, 387 [150 Cal.Rptr. 841].) Action is not the same as cause of action. While "action" refers to the judicial remedy to enforce an obligation, "cause of action" refers to the obligation itself. (*Ibid.*)

■ The courts have generally used the word "action" to refer to the proceeding or suit and not to the cause of action. Thus it has been recognized that a dismissal of an action is not on the merits and therefore does not bar a second action on the same cause of action. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 226, pp. 663-664.) It has also been recognized that even though the same cause of action is asserted in two separate suits, a stay or an appeal in one action will not toll the five-year period in the second case and each action is separately subject to the five-year period. (*Bank of America* v. *Superior Court* (1988) 200 Cal.App.3d 1000, 1010 [246 Cal.Rptr. 521]; *Manor Drug Stores* v. *Blue Chip Stamps* (1977) 71 Cal.App.3d 423, 426-427 [139 Cal.Rptr. 483].)

We note that other statutory provisions also distinguish between action and cause of action. For example, section 430.10, subdivision (c) allows a party to demur to a complaint on the grounds "[t]here is another action pending between the same parties on the same cause of action." In this section the Legislature obviously used the word "action" to mean a "suit" and not only acknowledged the possibility of multiple suits on the same cause of action but provides a remedy for the same. Accordingly, as the Legislature did not provide a special definition of the word "action" in the dismissal provisions, we must presume it intended action to mean a suit commenced by the filing of a complaint and did not intend the calculation of the five-year period to include multiple suits filed on the same cause of action.

While we are compelled to conclude that Depner obtained a new five-year period calculated from the filing of his complaint in the second action, it is a result we reach reluctantly and do so only because we feel constrained to do

so by existing authority and in the absence of express statutory authority to the contrary. However, we also note that the real prejudice and harm to Nassif and to the administration of justice is not that Depner gets an additional five years within which to prosecute his action but that he can file his second action at all. A plaintiff who has unreasonably delayed in prosecuting his action should not be allowed to file a second action simply because the statute of limitations has not expired. No purpose is served in allowing this result except to reward dilatory plaintiffs who are fortunate enough to have remaining time under the statute of limitations within which to refile. Because of existing case law holding that such dismissals are not on the merits and therefore do not bar a second action, a change, if any, will need to come from the Legislature.

### DISPOSITION

The appeal is dismissed and the petition for extraordinary relief is denied.

McDaniel, Acting P. J., and Sullivan, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.