[No. H029574. Sixth Dist. Dec. 29, 2006.]

TERRANCE J. SHEPPARD, Plaintiff and Respondent, v.
LIGHTPOST MUSEUM FUND et al., Defendants and Appellants.

318

COUNSEL

Downey Brand, Rhonda Cate Canby and Philip T. Darke for Defendants and Appellants.

Korda, Johnson & Wall and J. Joseph Wall, Jr., for Plaintiff and Respondent.

OPINION

**MIHARA, Acting P. J.**—Defendants submitted an arbitration claim to an arbitration organization asserting that plaintiff had breached the parties' contracts. Plaintiff responded by filing a complaint against defendants in superior court. Plaintiff then filed a Code of Civil Procedure section[1] 425.16 motion to strike defendants' arbitration claim. The superior court partially granted plaintiff's motion. We conclude that section 425.16 does not authorize a superior court to grant a motion to strike an arbitration claim filed only in an agreed arbitral forum and not asserted by the claimant in any complaint, cross-complaint or petition filed in court. We therefore reverse the superior court's order.

## I.  Background

In October 2002, plaintiff Terrance J. Sheppard entered into employment agreements with defendants Lightpost Museum Fund, Inc. (LMF), and Art for Children Charities, Inc. (ACC). Each agreement included a nondisclosure clause that remained applicable "at any time after Employee leaves employment of Employer." The employment agreements provided for binding arbitration before Christian Dispute Resolution Professionals, Inc. (CDRP), of

---

[1] Subsequent unspecified statutory references are to the Code of Civil Procedure.

any dispute that "arises out of, or relates to this Agreement, or the breach thereof, or otherwise between the parties . . . ."

Sheppard's employment was terminated in September 2003. His wrongful termination claim and LMF and ACC's claims of breach of contract and for declaratory relief were submitted to CDRP for binding arbitration in 2004. LMF and ACC's declaratory relief claim asserted that Sheppard had violated the agreements' nondisclosure clauses. The arbitrator awarded no relief to any of the parties.

In April 2005, LMF and ACC sent a letter to CDRP requesting that the arbitrator "revisit[]" their claim that Sheppard had violated the nondisclosure clauses because, after the 2004 arbitration, Sheppard, as a third party witness, had turned over confidential documents and testified about confidential information in arbitration proceedings, and had expressly stated that he was not bound by the nondisclosure clauses. LMF and ACC asserted that Sheppard "continued" to possess confidential documents and disclose confidential information to others in violation of the nondisclosure clauses. "At issue now is not evidence already adduced in [unrelated arbitration] proceedings [in which Sheppard had testified regarding confidential information], but Terry Sheppard's continued [possession and disclosure] of confidential information . . . ." "[LMF and ACC] will suffer continuing harm from Mr. Sheppard's breaches of the confidentiality agreements, so they seek injunctive relief that will force Mr. Sheppard to return company documents and to immediately stop releasing confidential information. They also seek an award of damages in an amount to be determined by the arbitrator."

CDRP deemed LMF and ACC's April 2005 letter to be "a new Demand for Arbitration and Notice of Claim." CDRP notified Sheppard of the demand and allowed him time to file a response to the demand with CDRP. Sheppard did not file a response with CDRP.

On May 16, 2005, Sheppard filed a complaint against LMF and ACC[2] in Santa Clara County Superior Court alleging tort causes of action and seeking declaratory relief. His declaratory relief cause of action alleged that there was a controversy between the parties regarding Sheppard's right to testify in certain legal actions. Sheppard alleged: "Defendants are also attempting to obtain a prior restraint on Sheppard's constitutional right of free speech by precluding him from writing a book involving Kinkade. Defendants' conduct is in violation of Code of Civil Procedure § 425.16 and is subject to a motion to strike." He sought an unspecified "judicial determination of his rights and a declaration by the court . . . ."

---

[2] Sheppard's complaint also named Thomas Kinkade and The Thomas Kinkade Company, which are not parties to this appeal.

In June 2005, Sheppard filed in superior court a special motion to strike "the arbitration claim pending before the [CDRP] pursuant to Code of Civil Procedure § 425.16."

In July 2005, LMF and ACC filed a demurrer to three of the four causes of action in Sheppard's complaint and a "motion" seeking "an order compelling this case to arbitration" under section 1281.7. The demurrer did not challenge the declaratory relief cause of action. The motion to compel asserted that Sheppard's declaratory relief cause of action in his complaint was "identical to the claim pending in arbitration" and should be "compelled to binding arbitration" in accordance with the employment agreement. LMF and ACC did not seek to compel arbitration of their own claim that they had previously asserted in their arbitration demand.

In August 2005, LMF and ACC filed opposition to Sheppard's special motion to strike. They asserted: "[T]he motion . . . does not even belong before this court because [LMF and ACC] have not filed any 'causes of action' against Sheppard in this forum. Stated differently, Sheppard's motion to strike is fatally flawed because the subject of the motion, the [LMF/ACC] arbitration demand, is not before this court and thus there is no complaint for this court to 'strike.' [¶] Sheppard's motion must be denied on its face because this court has no jurisdiction to strike a pleading submitted to a completely different adjudicatory body. If Sheppard wants to pursue a motion to strike, he should be required to do so in the CDRP forum . . . ."

Also in August 2005, Sheppard filed opposition in the superior court to LMF and ACC's motion to compel arbitration of Sheppard's declaratory relief cause of action. He contended that arbitration could not be compelled because "defendants' current arbitration claim . . . is in direct violation of Code of Civil Procedure section 425.16(e)(1)." However, Sheppard did not file a special motion to strike the motion to compel arbitration nor did he amend his pending special motion to strike to encompass the motion to compel. Sheppard's opposition to the demurrer asserted that his declaratory relief cause of action was not identical to LMF and ACC's claim in the arbitral forum.

At a September 2005 hearing, the superior court asserted that it had jurisdiction to address the motion to strike. "I think that it's this Court's job to reach the motion to strike issue." It directed the parties to "prepare supplemental pleading on the issue of the merits." The court stated that LMF and ACC's motion to compel arbitration of Sheppard's declaratory relief cause of action was not "ripe" until the court ruled on the motion to strike. The hearing was continued to October 2005.

At the October 2005 hearing, the superior court reasoned that the motion to strike and the motion to compel "are sort of opposite sides on the same point." The court divided LMF and ACC's April 2005 arbitration claim into two parts. One part of the arbitration claim was that Sheppard possessed confidential documents that LMF and ACC had a right to have returned. The other part of the arbitration claim was that Sheppard had disclosed confidential information at arbitration hearings without a subpoena and was writing a book containing confidential information.

The court ruled that the first part of the arbitration claim, which was not part of LMF and ACC's motion to compel, was subject to arbitration, but the other part of the arbitration claim, which had never been asserted in a complaint, cross-complaint or petition filed in court, was within the court's jurisdiction under section 425.16 and subject to Sheppard's motion to strike. The superior court concluded that it was "not proper for the arbitrator to decide" if Sheppard had breached the agreement by testifying and writing a book. The court granted the motion to strike as to the second part of the claim and denied it as to the first part of the claim.

The superior court thereafter issued a single order ruling on the motion to strike, the motion to compel arbitration and the demurrer. The court reiterated its earlier assertion that the motion to compel and the motion to strike "are the pro[v]erbial 'opposite sides of the same coin.' " The court purported to grant LMF and ACC's motion to compel "on the issue of whether Mr. Shep[p]ard has documents in his possession that were not turned over in violation of his employment agreement."[3] The court asserted that LMF and ACC's motion to compel sought to compel arbitration of the portion of LMF and ACC's arbitration claim which asserted that Sheppard had breached the nondisclosure clause by testifying and writing a book. Because, in the court's view, this part of the claim implicated Sheppard's right to free speech, this part of the "arbitration claims" was subject to Sheppard's motion to strike under section 425.16. The court granted Sheppard's motion to strike this part of the arbitration claim because it targeted "protected activity" and LMF and ACC had not demonstrated a probability of prevailing on this part of the claim. Sheppard's request for attorney's fees was denied because his motion to strike had been only partially successful. The court sustained LMF and ACC's demurrer without leave to amend as to the three tort causes of action, so that only the declaratory relief cause of action remained. LMF and ACC filed a timely notice of appeal from the court's order partially granting Sheppard's motion to strike.

---

[3] As noted above, this claim was not the subject of the motion to compel.

## II.  Analysis

LMF and ACC contend that the superior court erred in striking a part of their *arbitration claim* filed in the arbitral forum because section 425.16 does not authorize a superior court to strike all or part of such a claim. Sheppard maintains that section 425.16 does authorize a court to strike all or part of an arbitration claim even if the claim has never been asserted by the claimant in a complaint, cross-complaint or petition filed in a court.

■ "We begin as always 'with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent.' [Citation.] To discover that intent we first look to the words of the statute, giving them their usual and ordinary meaning. [Citations.] 'Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' [Citation.]" (*Trope v. Katz* (1995) 11 Cal.4th 274, 280 [45 Cal.Rptr.2d 241, 902 P.2d 259].)

■ Section 425.16 is expressly intended to target "abuse of the judicial process." (§ 425.16, subd. (a).) "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." (§ 425.16, subd. (f).) "For purposes of this section, 'complaint' includes 'cross-complaint' and 'petition,' 'plaintiff' includes 'cross-complainant' and 'petitioner,' and 'defendant' includes 'cross-defendant' and 'respondent.' " (§ 425.16, subd. (h).)

■ Section 425.16 does not expressly make arbitration claims asserted only in an arbitral forum "subject to" a motion to strike. The statute makes a "cause of action" in a "complaint," which "includes cross-complaint and petition," "subject to" a motion to strike. (*Ibid.*) Nevertheless, the statute's failure to expressly include arbitration claims asserted only in an arbitral forum within its ambit is not necessarily conclusive. "The term 'includes' is ordinarily a word of enlargement and not of limitation. [Citation.] The statutory definition of a thing as 'including' certain things does not necessarily place thereon a meaning limited to the inclusions." (*People v. Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 639 [268 P.2d 723].) "[W]hen a statute contains a list or

catalogue of items, a court should determine the meaning of each by reference to the others, giving preference to an interpretation that uniformly treats items similar in nature and scope." (*Moore v. California State Bd. of Accountancy* (1992) 2 Cal.4th 999, 1011–1012 [9 Cal.Rptr.2d 358, 831 P.2d 798].) Complaints, cross-complaints and petitions are *pleadings*, which are filed in *courts* to initiate *judicial* proceedings. (§§ 22, 420, 422.10.) Arbitration claims filed only in an arbitral forum, while in some ways similar to pleadings, are very different because they are not filed in *courts* and they do not initiate *judicial* proceedings. These distinctions indicate that the Legislature did not intend to include such claims within the term "complaint."

■ Section 425.16's timing provisions provide additional evidence of the Legislature's intent to exclude arbitration claims filed only in an arbitral forum from the reach of the statute. Section 425.16 requires a motion to strike to be brought within a certain time period after "service of the complaint." "[S]ervice of the complaint" is a term of art that refers to the means by which a court obtains jurisdiction over a defendant. (§§ 410.50, 413.10, 415.10.) Arbitration claims filed only in private arbitral forums are not subject to these statutory jurisdictional limitations. By restricting the timing of a motion to strike in terms that are exclusively applicable to an action *in court*, the Legislature expressed its intent to limit the pleadings that are subject to a motion to strike to those pleadings that have been filed in court.

■ Finally, the Legislature expressly stated its intent that section 425.16 target "abuse of the *judicial process.*" (§ 425.16, subd. (a), italics added.) Private arbitration proceedings are not part of the judicial process; they are "nonjudicial" proceedings. "Nonjudicial [private contractual] arbitration proceedings are generally regulated by the procedural rules established by the arbitration agency; such proceedings are not necessarily controlled by the Code of Civil Procedure *unless expressly provided by that code* (Code Civ. Proc., § 1280 et seq.), by the arbitration rules, by the parties' contract, or other provisions of law regulating such nonjudicial arbitration." (*Paramount Unified School Dist. v. Teachers Assn. of Paramount* (1994) 26 Cal.App.4th 1371, 1387 [32 Cal.Rptr.2d 311], italics added.)

■ Section 425.16 does not "expressly provide[]" that it applies to claims asserted only in nonjudicial arbitration proceedings. This statute was expressly intended to prevent abuse of the "judicial process," and its terms are not reconcilable with a legislative intent to extend it to arbitration claims filed only in private nonjudicial forums. It follows that the Legislature did not

authorize superior courts to strike arbitration claims filed only in arbitral forums under section 425.16.

Sheppard asserts that section 425.16 is nevertheless applicable here because *he* "plac[ed] [LMF and ACC's] arbitration demand before the court" and LMF and ACC also did so by filing a motion to compel arbitration of Sheppard's complaint. His contentions do not affect our analysis of the narrow legal issue before us. This appeal is solely from the superior court's ruling on Sheppard's motion to strike. The court's rulings on the demurrer and the motion to compel are not before us.[4]

The validity of Sheppard's motion to strike cannot depend on LMF and ACC's motion to compel arbitration since Sheppard filed his motion to strike *before* LMF and ACC filed their motion to compel, and the motion to compel did not seek to compel arbitration of LMF and ACC's own claims. Sheppard's motion to strike did not target any cause of action in a complaint, cross-complaint or petition filed by LMF and ACC in the superior court.[5] Sheppard's motion to strike explicitly targeted only LMF and ACC's April 2005 *arbitration claim*, not their subsequently filed motion to compel.[6] And obviously Sheppard did not move to strike *his own* declaratory relief cause of action that he claims "plac[ed]" LMF and ACC's arbitration claim "before the court."

■ Since Sheppard's motion to strike targeted only LMF and ACC's arbitration claim, which had been asserted by the claimants only in the arbitral forum and not as part of a complaint, cross-complaint or petition filed in court, and this claim was not subject to section 425.16, the superior court erred in partially granting Sheppard's motion.

### III. Disposition

The superior court's order is reversed, and the superior court is directed to vacate its order and enter a new order denying Sheppard's motion to strike in its entirety. LMF and ACC shall recover their appellate costs.

Duffy, J., concurred.

---

[4] We therefore have no reason to examine the scope or validity of the arbitration clauses in the agreements between the parties.

[5] Sheppard did not even move to strike LMF and ACC's motion to compel.

[6] LMF and ACC do not challenge the superior court's partial denial of their motion to compel in this appeal. This appeal is limited to the court's ruling on Sheppard's motion to strike.

**McADAMS, J.,** Concurring.—I agree with my colleagues that Code of Civil Procedure section 425.16 (section 425.16) does not authorize a motion to strike an arbitration claim pending in an arbitral forum under the circumstances present in the matter before us. I write separately in order to commend and comment upon the trial court's attempt to resolve what was essentially an arbitration dispute.

In spite of the inartful pleadings and the unusual procedural posture of the case, the trial court recognized the essence of the dispute between the parties as a disagreement over proceeding to arbitration: The former employer viewed the matter as a breach of the employment contract and subject to arbitration under the terms of that agreement; the former employee claimed he was being forced into arbitration for engaging in constitutionally protected activity. Each side sought the protection of the court in support of its position concerning the former employer's demand for arbitration.

Courts in California have long recognized that "California law, like federal law, favors enforcement of valid arbitration agreements." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 97 [99 Cal.Rptr.2d 745, 6 P.3d 669]; see also Code Civ. Proc., § 1281.) However, the arbitrability of a claim is a matter to be decided by the *court*. (*Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 479–480 [121 Cal.Rptr. 477, 535 P.2d 341]; Code Civ. Proc., § 1281.2; see also *Litton Financial Printing Div. v. NLRB* (1991) 501 U.S. 190, 208 [115 L.Ed.2d 177, 111 S.Ct. 2215] ["Whether or not a company is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court, and a party cannot be forced to 'arbitrate the arbitrability question' "].)

Here, the trial court sensed that it was the responsibility of the court to consider and resolve whether constitutional rights might be implicated in this demand for arbitration, as opposed to declining to entertain the claim and thus delegating the determination to an arbitrator or leaving the former employee with no forum for consideration of his constitutional claim. Without ruling on the correctness of the trial court's conclusions or suggesting the outcome of any further proceedings, I commend the trial court's instincts. The problem is that the issue was presented to the trial court through a section 425.16 special motion to strike, a procedural device not available under the pleading and procedural posture of this case.

Therefore, I would remand the matter for further consideration of the issue of arbitrability where a party to an otherwise valid arbitration agreement objects to arbitration, in a proper law and motion proceeding, based on the assertion that the claim sought to be arbitrated involves a constitutionally protected activity.

Respondent's petition for review by the Supreme Court was denied March 14, 2007, S150058.