NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY BLATT,

        Plaintiff-Appellee,

  v.

ROSETTE PAMBAKIAN; SEAN RAD,

        Defendants-Appellants.

No. 20-55084

D.C. No.
2:19-cv-07046-MWF-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted August 12, 2021
San Francisco, California

Before: SILER,[**] CHRISTEN, and FORREST, Circuit Judges.

Defendants-Appellants Rosette Pambakian and Sean Rad appeal from the

district court's order that granted in part and denied in part their anti-SLAPP

motions. In August 2019, Plaintiff-Appellee Gregory Blatt sued Pambakian and Rad

for defamation based on their comments to the media regarding an unrelated lawsuit,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

wherein they alleged that Blatt "groped and sexually harassed" Pambakian "during and after" a 2016 Tinder, Inc. holiday party (the "Valuation Complaint"). On appeal, Pambakian and Rad challenge primarily the district court's ruling that the statements they made in the August 16 CNN article were unprotected. They also argue that Blatt lacks standing to challenge the December 2018 articles and that the district court erred in holding Pambakian's anti-SLAPP motion was moot.[1] We have jurisdiction under 28 U.S.C. § 1291, and we review the "the district court's denial of an anti-SLAPP motion" de novo. *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 951 (9th Cir. 2013). We affirm in part and reverse in part.

1.      ***August 16 CNN article.*** The district court erred in concluding that Pambakian's statements in the August 16 CNN article are not covered by California's fair-and-true-report privilege. The fair-and-true-report privilege protects "fair and true reports of anything said in the course of a judicial proceeding," including pleadings. *Healthsmart Pac., Inc. v. Kabateck*, 7 Cal. App. 5th 416, 432 (2016). Here, the "average person [reading] the report in its entirety would reasonably understand that [Pambakian] was referring" to the allegations in the Valuation Complaint. *Id.* at 436.

---

[1]Although the district court concluded that Pambakian's anti-SLAPP motion was moot, and we agree as described below, we still consider Pambakian's allegedly defamatory statements because "Blatt seeks to hold Rad liable for all of Pambakian's statements under [a] [civil] conspiracy theory." Thus, even if Pambakian's motion is moot, we still must consider whether her statements were privileged.

Further, the August 16 statements convey the same gist or sting as the Valuation Complaint. *See id.* at 435; *Argentieri v. Zuckerberg*, 8 Cal. App. 5th 768, 787 (2017). The average reader would understand "groped and sexually harassed" to mean, at a minimum, that Blatt touched Pambakian against her will for his sexual pleasure and engaged in some sort of additional, uninvited sexual behavior—verbal, physical, or both. *Grope*, Merriam-Webster, https://www.merriam-webster.com/dictionary/grope (last visited Sept. 1, 2021) (defining grope as "feel up," which is itself defined as "to touch or fondle (someone) for sexual pleasure"); *see also* Joanna L. Grossman, *Groping is a Crime*, Vox (Jan. 2, 2018), https://www.vox.com/the-big-idea/2018/1/2/16840294/groping-sexual-assault-franken-law-punishment, ("Culturally, the word 'grope' connotes unwelcome sexual touching."); *sexual harassment*, Merriam-Webster, https://www.merriam-webster.com/dictionary/sexual%20harassment (last visited Sept. 1, 2021) ("[U]ninvited and unwelcome verbal or physical behavior of a sexual nature.").

Pambakian's statements in the August 16 article, describing how Blatt allegedly groped and sexually harassed her during and after the 2016 Tinder holiday party, convey the same gist or sting as the allegations in the Valuation Complaint. Even if using the term "groped" makes it easier for a reader to avoid thinking about the lurid details inherent in such an act, the average reader would still *understand* that such an allegation included those omitted details. *See Healthsmart*, 7 Cal. App.

5th at 434 (explaining statements that "accurately convey[] the substance of the allegations made in the [] complaint" are protected). The deviations from the allegations in the Valuation Complaint fall within the "literary license" of the fair-and-true-report privilege. *Argentieri*, 8 Cal. App. 5th at 788; *see also McClatchy Newspapers, Inc. v. Superior Ct.*, 189 Cal. App. 3d 961, 976 (1987) ("The reporter is not bound by the straitjacket of the testifier's exact words.").

2.    ***Standing.*** Pambakian and Rad argue that we lack subject matter jurisdiction over Blatt's defamation claims arising from two December 2018 articles because those allegedly defamatory statements were about Match and IAC, not Blatt. We reject this argument because defamation's "of and concerning" element is a merits inquiry, not an Article III standing question. *See, e.g.*, *SDV/ACCI, Inc. v. AT & T Corp.*, 522 F.3d 955, 961 (9th Cir. 2008).

3.    ***Mootness.*** The district court did not err in ruling that its order directing Pambakian and Blatt to arbitration mooted Pambakian's anti-SLAPP motion. Anti-SLAPP motions do not apply to the arbitral forum. *Sheppard v. Lightpost Museum Fund*, 146 Cal. App. 4th 315, 322 (2006). Considering an anti-SLAPP motion after compelling arbitration would needlessly prolong the judicial process—the parties would spend time briefing the merits of the defamation action in response to the motion, and then duplicate their efforts in arbitration because the anti-SLAPP motion, even if granted, would not apply in the arbitration proceedings. *See Flatley*

4

*v. Mauro*, 39 Cal. 4th 299, 312 (2006) (explaining California's anti-SLAPP rules are designed to prevent meritless lawsuits that would "deplete the defendant's energy and drain her resources" via abuse of the judicial process (quotation marks and citation omitted)).

We **REVERSE** the district court's denial of Rad's anti-SLAPP motion regarding the August 16 CNN article under California's fair-and-true-report privilege. We **AFFIRM** the district court's decision on all other issues. The parties shall bear their own costs.