Filed 7/31/25  Yazdi v. Robles CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MOHAMMADREZA YAZDI, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> GABRIEL ROBLES, <br><br> Defendant and Respondent. | B338386 <br><br> (Los Angeles County <br> Super. Ct. No. 23SMCV02618) |

APPEAL from an order of the Superior Court of Los Angeles County, Elaine W. Mandel, Judge. Affirmed.

Neufeld Marks and Paul S. Marks for Plaintiff and Appellant.

Law Offices of Martin S. Kovalsky and Martin S. Kovalsky for Defendant and Respondent.

_____

Plaintiff Mohammadreza Yazdi appeals the trial court's order granting Defendant Gabriel Robles's Code of Civil Procedure section 425.16[1] special motion to strike and dismissing his action against Robles. We perceive no error, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In a previous case filed in 2015 (case No. BC597357), Robles sued Yazdi for dental malpractice.[2] The parties proceeded to arbitration, and the arbitrator ultimately awarded Robles $132,773.29 against Yazdi. Robles petitioned the trial court to confirm the award, and Yazdi moved to vacate it. The court confirmed the award and entered judgment in June 2018. That judgment was later affirmed on appeal. (*Gabriel R. v. Yazdi* (May 16, 2019, B292125) [nonpub. opn.].)

Yazdi commenced this action (case No. 23SMCV02618) in June 2023 against Robles and two dental professionals involved in Robles's care–Dr. Gary Baum and Dr. Parvaz Mizrahi.[3] Yazdi's cause of action against Robles was for "Equitable Relief from Judgment" because "Yazdi committed no malpractice" and Dr. Baum's testimony was "false and untrustworthy." Yazdi alleged Robles sued him for orthodontic malpractice and recovered an award in arbitration in the 2015 case, which was confirmed by the superior court and the Court of Appeal case

---

[1]    All further undesignated statutory references are to the Code of Civil Procedure.

[2]    Robles sued through his guardian ad litem because he was then a minor.

[3]    The trial court sustained without leave to amend Dr. Baum's and Dr. Mizrahi's demurrers. Yazdi did not appeal those rulings.

No. B292125, "[d]espite there being no persuasive evidence of negligence, causation, or damages." Yazdi also alleged Robles "partially collected on the judgment." According to Yazdi, entry of judgment against him in the 2015 case was "non-meritorious and inequitable" because Dr. Baum was later unable to effectively treat Robles.

Robles moved to strike the cause of action against him pursuant to section 425.16–a motion widely known as an "anti-SLAPP motion." (See *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055 (*Rusheen*) [defining anti-SLAPP].) The trial court determined the cause of action against Robles arose from Robles's protected litigation activity in pursuing, seeking to confirm, and protecting his judgment against Yazdi in the 2015 case. It granted the motion to strike and dismissed the cause of action against Robles.

The order of dismissal was entered on February 15, 2024. It was amended nunc pro tunc on February 23, 2024, to correct the disposition of Robles's request for sanctions. Yazdi timely appealed. (See Cal. Rules of Court, rule 8.104(a)(1).)

## DISCUSSION

### I.    We Decline Robles's Request to Dismiss This Appeal

Before we consider the merits, we address Robles's request to dismiss this appeal pursuant to the disentitlement doctrine. We " 'ha[ve] the inherent power . . . to dismiss an appeal by a party that refuses to comply with a lower court order.' " (*In re Marriage of Cohen* (2023) 89 Cal.App.5th 574, 580; see *Stoltenberg v. Ampton Investments, Inc.* (2013) 215 Cal.App.4th 1225, 1230 (*Stoltenberg*) [the doctrine is " ' "a discretionary tool" ' "].) We will not do so here.

3

First, we already denied Robles's earlier motion to dismiss the appeal on the same ground. Robles has provided no reason for us to change our decision.

Second, the record indicates Yazdi's purported obstructive behavior did not occur in the case before us, but rather in different civil cases (e.g., the 2015 case and case No. 22SMCV01167). To be sure, one of the cases (the 2015 case) resulted in the judgment affirming the arbitration award for dental malpractice, which Yazdi is collaterally attacking through this lawsuit. However, the disentitlement doctrine is invoked when misconduct arises in the case on appeal. (See *In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 389 [declining to dismiss where the appellant did not "willfully obstruct[] or fail[] to comply with the trial court orders at issue in this appeal"]; cf. *Stoltenberg, supra*, 215 Cal.App.4th at p. 1234 [dismissing where the appellant "repeatedly . . . frustrated the enforcement of the California judgment being appealed"].)

We therefore decline Robles's invitation to invoke the disentitlement doctrine due to conduct in different, even if related, cases.

## II. The Trial Court Properly Took Judicial Notice of the Documents Presented With the Motion to Strike

Yazdi requests we "not . . . consider[]" the request for judicial notice filed in connection with Robles's anti-SLAPP motion. We construe that as an argument the trial court abused its discretion in taking judicial notice of the documents.[4] (See *In*

---

[4]    The documents were submitted to the trial court, but Yazdi has not identified a court ruling on that request. In any event, the documents are part of the record on appeal, and we assume

*re Social Services Payment Cases* (2008) 166 Cal.App.4th 1249, 1271 [judicial notice ruling is reviewed for abuse of discretion].)

In the trial court, Yazdi conceded the court could notice the proffered documents, and he objected only "to the extent [Robles] seek[s] to introduce or argue the truth of what is contained in" them. That simply restates the familiar standard that "a document may be judicially noticeable, [but] the truth of statements contained in the document . . . are not subject to judicial notice if those matters are reasonably disputable." (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113.)[5] Yazdi's failure to object to the trial court's taking judicial notice has forfeited that argument for appeal. (See *Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 262,

the trial court considered them. (See *Kinsella v. Kinsella* (2020) 45 Cal.App.5th 442, 449 (*Kinsella*) ["Because the record on appeal does not contain any evidentiary objections (or rulings denying the admission of any proffered evidence), we consider all of the evidence submitted to the trial court"]; see also *Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325 ["a reviewing court will ordinarily look only to the record made in the trial court"].)

Even though the documents are part of this record, we do not rely upon those relating to apparent disciplinary proceedings or other alleged misconduct, which are not relevant to this appeal.

[5] Here, the trial court did not mention the documents when it ruled on the anti-SLAPP motion, let alone suggest it improperly considered them for their truth. (See *Kinsella, supra,* 45 Cal.App.5th at p. 464 [" '[T]he burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal.' " (Italics omitted.)].)

5

264–265 [failure to object in the trial court forfeited party's right to assert error on appeal]; *Aljabban v. Fontana Indoor Swap Meet, Inc.* (2020) 54 Cal.App.5th 482, 512 [" ' "An appellate court will ordinarily not consider . . . erroneous rulings . . . where an objection could have been but was not presented to the lower court . . . ." ' "].)

## III. The Trial Court Did Not Err in Granting the Anti-SLAPP Motion to Strike

Yazdi argues the trial court erred in granting Robles's anti-SLAPP motion to strike because that law does not apply to arbitration proceedings. We disagree: the trial court correctly determined Yazdi's cause of action against Robles arose from Robles's protected litigation activity.

### A. Standard of Review

"We review a trial court's ruling on a special motion to strike under section 425.16 de novo." (*Zhang v. Jenevein* (2019) 31 Cal.App.5th 585, 592 (*Zhang*).)

### B. A Cause of Action Arising from Protected Activity Is Subject to an Anti-SLAPP Motion

"The Legislature enacted . . . section 425.16 . . . to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." (*Rusheen, supra,* 37 Cal.4th at pp. 1055–1056.) There are two components to evaluating an anti-SLAPP motion to strike. (See *Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*) [describing two-step process].) Only the first part is relevant in this appeal.[6]

---

[6] As to the second part of the test, the trial court determined Yazdi did not provide any admissible evidence showing a probability of prevailing on his claim. (See *Rusheen, supra,*

6

"In evaluating an anti-SLAPP motion, the trial court first determines whether the defendant has made a threshold showing that the challenged cause of action arises from protected activity." (*Rusheen*, *supra*, 37 Cal.4th at p. 1056; see also *Navellier*, *supra*, 29 Cal.4th at p. 89 ["a court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability . . . is based' "].) The appropriate focus of that inquiry is on "the defendant's *activity* that gives rise to his . . . asserted liability." (*Navellier*, at p. 92.) The California Supreme Court has already explained that " '[a] cause of action "arising from" defendant's litigation activity' " is protected. (*Rusheen*, at p. 1056.) The specific litigation conduct entitled to protection "includes communicative conduct such as the filing . . . and prosecution of a civil action." (*Ibid.*) In that regard, a petition seeking to confirm an arbitration award "is in the nature of a complaint in a civil action." (*Walter v. National Indem. Co.* (1970) 3 Cal.App.3d 630, 634; see also *Sheppard v. Lightpost Museum Fund* (2006) 146 Cal.App.4th 315, 323 (*Sheppard*) ["Complaints . . . and petitions are *pleadings*, which are filed in *courts* to initiate *judicial* proceedings."].)

## C. Yazdi's Cause of Action Arose from Robles's Protected Activity

Yazdi's operative first amended complaint plainly shows his cause of action against Robles for "Equitable Relief From Judgment" arose from Robles's protected litigation activity. The

---

37 Cal.4th at p. 1056 [second part of the test is "determin[ing] . . . whether the plaintiff has demonstrated a probability of prevailing on the claim"].) Yazdi has not challenged that aspect of the trial court's order.

operative complaint alleges Robles "sued [Yazdi] for orthodontic malpractice." (Fn. omitted.) It also asserts Robles "partially collected on the judgment, through actions taken under the California Enforcement of Judgment Act." The operative complaint further alleges Robles's conduct was wrongful because "Yazdi committed no malpractice, and . . . the testimony of Dr. Baum [at the arbitration] was proven false and untrustworthy," thus meriting "relief from the judgment in its entirety."

The gravamen of Yazdi's cause of action against Robles is based upon Robles's 2015 case against Yazdi, the "confirmation" of the arbitration award by the superior court and Court of Appeal case No. B292125, and Robles's efforts to collect on the resulting judgment. Those are all instances of "communicative conduct" protected by the anti-SLAPP law. (*Rusheen, supra,* 37 Cal.4th at p. 1056; see § 425.16, subd. (e)(1) [a "written . . . statement . . . made before a . . . judicial proceeding" is protected activity]; *Sheppard, supra,* 146 Cal.App.4th at p. 323; cf. *Freeman v. Schack* (2007) 154 Cal.App.4th 719, 732 [no protected activity where "the principal thrust of the conduct underlying the[] causes of action is not [the] filing or settlement of litigation"].) Indeed, our Supreme Court has already held that " ' " 'the basic act of filing litigation' " ' " is protected by the anti-SLAPP law. (*Navellier, supra,* 29 Cal.4th at p. 90.) Yazdi is suing Robles here specifically because of Robles's court filings–be they his malpractice complaint, his petition to confirm the arbitration award, or his subsequent filings to defend and enforce the judgment. (See *ibid.* ["[the defendant] is being sued because of the affirmative counterclaims he filed in federal court"].) "This

action therefore falls squarely within the ambit of the anti-SLAPP statute's 'arising from' prong." (*Ibid.*)

Yazdi essentially argues that because the parties participated in arbitration, his cause of action is related to arbitration proceedings and is insulated from the application of the anti-SLAPP law. That may be true for causes of action *arising from* arbitration. For example, causes of action arising from a defendant's "arbitration demand" do not "arise from protected activity." (*Century 21 Chamberlain & Associates v. Haberman* (2009) 173 Cal.App.4th 1, 7.) "[T]he anti-SLAPP statute does not protect the act of initiating private contractual arbitration." (*Id.* at p. 5.) That is because " '[a]rbitration claims . . . are not filed in *courts* and they do not initiate *judicial* proceedings.' " (*Id.* at p. 8.) *Century 21* is inapposite here because Yazdi's complaint does not allege Robles initiated arbitration or filed an arbitration demand, let alone allege that his cause of action against Robles is based upon any of that supposed conduct. As we have already explained, Yazdi's cause of action against Robles is based upon Robles's 2015 case against Yazdi, his efforts to collect on the resulting judgment, and his efforts to confirm and collect the arbitration award.

Likewise, Yazdi's reliance on *Zhang*, *supra*, 31 Cal.App.5th 585, is misplaced. In that case, the defendant had recorded conversations with the individual plaintiff and others to gather evidence in anticipation of arbitration. (*Id.* at p. 590.) The defendant's company thereafter filed a demand for arbitration against the plaintiff company, used the recordings as evidence in the arbitration, and was awarded over $65 million. (*Ibid.*) The plaintiffs later filed suit against the defendant in Los Angeles Superior Court, alleging two causes of action against him for

9

recording confidential communications and invasion of privacy. (*Id.* at pp. 590–591.) The defendant filed an anti-SLAPP motion to strike, arguing plaintiffs' causes of action arose from his protected activity "in connection with an arbitration proceeding." (*Zhang,* at p. 591.) The court concluded the anti-SLAPP law did not apply to the causes of action at issue because an arbitration is not "a 'judicial proceeding' or an 'official proceeding authorized by law' " within the meaning of the anti-SLAPP statute. (*Zhang,* at pp. 593–594.)

The causes of action at issue in *Zhang* squarely arose from the defendant's conduct in collecting and presenting evidence in an arbitration, which is plainly not a judicial proceeding for purposes of the anti-SLAPP law. (*Zhang*, *supra*, 31 Cal.App.5th at pp. 593–594.)

By contrast, as the trial court explained, "the first cause of action [here] is not [based upon] a statement made during arbitration, or either party's initiation of contractual arbitration." Rather, it is premised upon Robles's "pursuit of the entry of judgment and subsequent appellate proceedings" *in court*, which "constitute 'litigation-related activities.' " Those activities, undertaken in *court proceedings*, are quintessentially conduct protected by the anti-SLAPP law. (See *Navellier*, *supra*, 29 Cal.4th at p. 90.)

"Critically, 'the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.' " (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063.) Thus, whatever conduct other third parties allegedly engaged in during the arbitration proceedings is irrelevant to the analysis of the anti-SLAPP motion as it relates to Yazdi's cause of action against

10

Robles. The trial court did not err in dismissing that cause of action.

## DISPOSITION

The order is affirmed. Robles is entitled to costs on appeal. (See Cal. Rules of Court, rule 8.278(a)(1)–(2).)


RICHARDSON, J.

WE CONCUR:


LUI, P. J.


ASHMANN-GERST, J.

11