[No. G040202. Fourth Dist., Div. Three. Apr. 17, 2009.]

CENTURY 21 CHAMBERLAIN & ASSOCIATES et al., Plaintiffs and Respondents, v.
LISA HABERMAN, Defendant and Appellant.

4

**COUNSEL**

Lisa Haberman, in pro. per., for Defendant and Appellant.

Manning & Marder, Kass, Ellrod, Ramirez, Darin L. Wessel; Sunderland McCutchan, Robert J. Sunderland and Joseph A. Fette for Plaintiffs and Respondents.

**OPINION**

**IKOLA, J.**—Defendant Lisa Haberman appeals from an order (1) denying her anti-SLAPP[1] motion to strike the complaint of plaintiffs Century 21 Chamberlain & Associates and David T. Chamberlain, and (2) continuing a hearing on her motion to compel arbitration. We affirm the order denying the anti-SLAPP motion and dismiss the appeal to the extent it challenges the order continuing the hearing on the motion to compel arbitration.

Resolving an issue of first impression, we hold the anti-SLAPP statute does not protect the act of initiating private contractual arbitration. The anti-SLAPP statute protects statements made in, or concerning issues under review by, a "judicial proceeding, or any other official proceeding authorized by law." (§ 425.16, subd. (e)(1), (2).) Private contractual arbitration is neither. It is a private alternative to a judicial proceeding. It is not an "official proceeding" because it is a nongovernmental activity not reviewable by administrative mandate or required by statute.

[1] "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1 [3 Cal.Rptr.3d 636, 74 P.3d 737]; see Code Civ. Proc., § 425.16.) All further statutory references are to the Code of Civil Procedure unless otherwise stated.

Haberman also purports to appeal from that portion of the order continuing a hearing on her motion to compel arbitration, but which she describes as an order denying her motion to compel arbitration. We dismiss her appeal from this part of the order. The court did not rule on her arbitration motion—it merely continued the hearing. No appealable order exists with respect to her motion to compel arbitration.

## FACTS

Plaintiffs alleged two causes of action in their complaint. First, plaintiffs asserted a cause of action against Haberman for account stated, alleging she failed to pay approximately $14,000 in interest on a $200,000 loan secured by a deed of trust. Second, plaintiffs asserted a cause of action for declaratory relief against Haberman and defendant Pacific West Association of Realtors (PWAR). Plaintiffs alleged Haberman accused them of negligently marketing her house, and that Haberman and PWAR demanded they arbitrate this claim before PWAR. Plaintiffs sought a declaration that no arbitration agreement existed.

Haberman responded by filing an anti-SLAPP motion to strike the complaint and a motion to compel arbitration. The court heard both motions in January 2008. It denied the anti-SLAPP motion, finding the complaint did not arise from protected activity. It ordered PWAR to produce documents to Haberman regarding plaintiffs' purported duty to arbitrate, bifurcated trial on the account stated and declaratory relief causes of action, and set a date in April 2008 for an evidentiary hearing on the arbitration motion and a bench trial on the declaratory relief cause of action. Haberman filed a notice of appeal in March 2008.

## DISCUSSION

*The Court Correctly Denied the Anti-SLAPP Motion*

The order denying Haberman's anti-SLAPP motion is directly appealable and subject to our independent review. (§ 425.16, subd. (i); *Flatley v. Mauro* (2006) 39 Cal.4th 299, 325 [46 Cal.Rptr.3d 606, 139 P.3d 2] (*Flatley*).)

■ The anti-SLAPP statute " 'is designed to protect citizens in the exercise of their First Amendment constitutional rights of free speech and petition. It is California's response to the problems created by meritless lawsuits brought to harass those who have exercised these rights.' " (*Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 273 [105 Cal.Rptr.2d 674].) It provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the

United States or California Constitution in connection with a public issue shall be subject to a special motion to strike . . . ." (§ 425.16, subd. (b)(1).)

██ Haberman bears the initial burden of establishing the causes of action in the complaint arise from her protected activity. "[T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78 [124 Cal.Rptr.2d 519, 52 P.3d 695] (*Cotati*).) "In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." (*Ibid.*)

To meet this burden, Haberman must show the conduct underlying the causes of action " 'fits one of the categories spelled out in section 425.16, subdivision (e).' "[2] (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 [124 Cal.Rptr.2d 530, 52 P.3d 703] (*Navellier*).) If Haberman meets this burden, plaintiffs bear the burden to "establish[] that there is a probability that [they] will prevail on the claim." (§ 425.16, subd. (b)(1).)

The account stated cause of action does not arise from any protected activity. It arises from Haberman's alleged failure to pay interest on the loan—this is the act "underlying" the cause of action. (*Cotati, supra,* 29 Cal.4th at p. 78.) It is immaterial whether plaintiffs asserted the cause of action "in response to, or in retaliation for," Haberman's attempt to initiate arbitration. (*Ibid.*) The anti-SLAPP analysis turns "on the substance of [the] lawsuit," not plaintiffs' "subjective intent." (*Ibid.*)

██ Nor does the declaratory relief cause of action arise from protected activity. In it, plaintiffs assert Haberman demanded arbitration of a negligence claim against them; they seek a declaration that they do not have to arbitrate. The cause of action thus arises from Haberman's arbitration demand. But a demand commencing private contractual arbitration does not " 'fit[]' " any of

---

[2] Section 425.16, subdivision (e), provides, "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

the four anti-SLAPP categories.[3] (*Navellier, supra*, 29 Cal.4th at p. 88; accord, *Weinberg v. Feisel* (2003) 110 Cal.App.4th 1122, 1130 [2 Cal.Rptr.3d 385] (*Weinberg*).)

Arbitration does not fall into the first two categories of protected activity. These protect statements made in "a . . . judicial proceeding, or any other official proceeding authorized by law" (§ 425.16, subd. (e)(1)) or "in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law." (§ 425.16, subd. (e)(2).)

Arbitration is not a judicial proceeding—it is an alternative thereto. "Arbitration claims . . . are not filed in *courts* and they do not initiate *judicial* proceedings." (*Sheppard v. Lightpost Museum Fund* (2006) 146 Cal.App.4th 315, 323 [52 Cal.Rptr.3d 821].)[4] The California Supreme Court distinguishes arbitration from judicial proceedings when construing the right to a jury trial. "[P]arties [can] eschew jury trial . . . by agreeing to a method of resolving that controversy, such as arbitration, which does not invoke a judicial forum." (*Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 713 [131 Cal.Rptr. 882, 552 P.2d 1178] (*Madden*).) "When parties agree to submit their disputes to arbitration they select a forum that is alternative to, and independent of, the judicial [forum]." (*Id.* at p. 714.) "[A]rbitration agreements . . . represent an agreement to avoid the judicial forum altogether." (*Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 955 [32 Cal.Rptr.3d 5, 116 P.3d 479] (*Grafton*).)

The distinction between arbitration and judicial proceedings is similar to the distinction between nonjudicial and judicial foreclosure. Nonjudicial foreclosure does not trigger anti-SLAPP protection because it " 'is a private, contractual proceeding' " (*Garretson v. Post* (2007) 156 Cal.App.4th 1508, 1520–1521 [68 Cal.Rptr.3d 230] (*Garretson*)) that "merely provides a nonjudicial, private alternative to judicial foreclosure." (*Id.* at p. 1521.) Likewise, arbitration is a contractual proceeding that provides a private alternative to the judicial forum. (*Madden, supra*, 17 Cal.3d at pp. 713–714; *Grafton, supra*, 36 Cal.4th at p. 955.) Arbitration is not a judicial proceeding triggering anti-SLAPP protection.

---

[3] We discuss only private contractual arbitration. Arbitration required by law may be subject to anti-SLAPP protection. (See *Philipson & Simon v. Gulsvig* (2007) 154 Cal.App.4th 347, 358 [64 Cal.Rptr.3d 504] (*Philipson*).)

[4] *Sheppard* does not reach as far as plaintiffs would like. It held the anti-SLAPP statute cannot be used to strike an arbitration demand because it reaches only causes of action asserted in court. (*Sheppard v. Lightpost Museum Fund, supra*, 146 Cal.App.4th at p. 323.) It did not discuss whether the anti-SLAPP statute can strike causes of action asserted in court that arise from arbitration demands.

Nor is arbitration an "official proceeding authorized by law," subject to anti-SLAPP protection. (§ 425.16, subds. (e)(1), (2).) When nongovernmental entities are involved, courts have limited "official proceeding" anti-SLAPP protection to (1) quasi-judicial proceedings that are part of a "comprehensive" statutory licensing scheme and "subject to judicial review by administrative mandate" (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 199–200 [46 Cal.Rptr.3d 41, 138 P.3d 193] (*Kibler*) [hospital peer review]), and (2) proceedings "established by statute to address a particular type of dispute" (*Philipson, supra*, 154 Cal.App.4th at p. 358 [mandatory attorney fee arbitration]; see Bus. & Prof. Code, § 6200 et seq.). Unlike hospital peer review, arbitration is not part of a comprehensive statutory licensing scheme and not reviewable by administrative mandate. And unlike mandatory fee arbitration, private arbitration is not required by statute.

The bare fact that statutes govern arbitration (§ 1280 et seq.) does not mean arbitration is subject to anti-SLAPP protection. Statutes govern nonjudicial foreclosure, but that is not an "official proceeding authorized by law." (*Garretson, supra*, 156 Cal.App.4th at pp. 1520–1521.) Statutes also govern stop notices, but such notices do not constitute " 'official proceeding[s] authorized by law,' " either. (*A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.* (2006) 137 Cal.App.4th 1118, 1128–1129 [41 Cal.Rptr.3d 1].)

Nor does arbitration fall into the final two categories of protected activity. These protect statements "made in . . . a public forum in connection with an issue of public interest" (§ 425.16, subd. (e)(3)) and "conduct . . . in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(4).) Haberman's alleged demand to arbitrate a negligence claim against plaintiffs is neither a public issue nor an issue of public interest. She has not shown the negligence claim "either concerned a person or entity in the public eye [citations], conduct that could directly affect a large number of people beyond the direct participants [citations] or a topic of widespread, public interest." (*Rivero v. American Federation of State, County and Municipal Employees, AFL-CIO* (2003) 105 Cal.App.4th 913, 924 [130 Cal.Rptr.2d 81].) She contends arbitration itself is a public issue, but "the assertion of a broad and amorphous public interest is not sufficient." (*Weinberg, supra*, 110 Cal.App.4th at p. 1132.) "If we were to . . . examine the nature of the speech in terms of generalities instead of specifics, then nearly any claim could be sufficiently abstracted to fall within the anti-SLAPP statute." (*Consumer Justice Center v. Trimedica International, Inc.* (2003) 107 Cal.App.4th 595, 601 [132 Cal.Rptr.2d 191].) Haberman's negligence claim "related to what in effect was a private matter," not a public issue. (*Weinberg*, at p. 1135.)

■ Haberman mistakenly relies upon the litigation privilege. (Civ. Code, § 47, subd. (b)(2).) Statements made in arbitration may be protected by the litigation privilege. (*Moore v. Conliffe* (1994) 7 Cal.4th 634, 638 [29 Cal.Rptr.2d 152, 871 P.2d 204].) But statements protected by the litigation privilege are not necessarily protected by the anti-SLAPP statute. "[T]he litigation privilege and the anti-SLAPP statute are substantively different statutes that serve quite different purposes . . . ." (*Flatley, supra,* 39 Cal.4th at p. 322.) "The statutory construction rule . . . , that identical statutory language should be interpreted the same way, applies only when the statutes in question cover 'the same or an analogous subject' matter. [Citations.] That cannot be said of the official-proceedings privilege . . . and the anti-SLAPP statute . . . . The official-proceedings privilege is a substantive rule of law, whereas the anti-SLAPP statute is a procedural device to screen out meritless claims." (*Kibler, supra,* 39 Cal.4th at pp. 201–202, citations omitted.) While Haberman's arbitration demand may be privileged, her demand is not automatically protected by the anti-SLAPP statute. Haberman "must thus affirmatively show that her conduct qualifies as constitutionally protected activity under section 425.16." (*Garretson, supra,* 156 Cal.App.4th at p. 1519.) She has failed to do so.

It would be anomalous if the anti-SLAPP statute could be used to strike a declaratory relief cause of action seeking to avoid arbitration. Generally, the court must determine whether a dispute is subject to contractual arbitration, unless the parties clearly and unmistakably agree otherwise. (*AT&T Technologies v. Communications Workers* (1986) 475 U.S. 643, 649 [89 L.Ed.2d 648, 106 S.Ct. 1415]; *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal.App.4th 1110, 1123 [39 Cal.Rptr.3d 437].) It would provide cold comfort to parties resisting arbitration to recognize their right to a judicial determination on arbitrability, yet strike their means for obtaining that determination before arbitration.

■ For all these reasons, Haberman failed to meet her burden to show either of plaintiffs' causes of action arise from activity protected by the anti-SLAPP statute. (§ 425.16, subd. (e); *Cotati, supra,* 29 Cal.4th at p. 78; *Navellier, supra,* 29 Cal.4th at p. 88.) The court correctly denied her anti-SLAPP motion.

*The Purported Appeal Regarding the Motion to Compel Arbitration Is Dismissed*

Haberman contends the court wrongly denied her motion to compel arbitration and issued a prohibitory injunction barring her from pursuing arbitration. Plaintiffs moved to dismiss this purported appeal, contending the court's action on the arbitration motion resulted in no appealable order.

The court did not rule on plaintiffs' arbitration motion at the January 2008 hearing. Before the hearing, the court issued a tentative ruling stating it would deny the motion without prejudice. But at the hearing, the court stated, "Now, with regard to the motion to compel arbitration, . . . I'll take the thoughts of anybody on how to proceed. [¶] Ms. Haberman, it seems like for the court to figure out whether this is a dispute that needs to be arbitrated[,] I'll need to have the arbitration agreement." It asked the parties whether they agreed which documents contained the alleged arbitration agreement. Haberman replied she did not "have access to those documents." PWAR agreed to produce all documents bearing on plaintiffs' alleged duty to arbitrate disputes with Haberman.

The court stated it would reset the hearing on the arbitration motion for April 28, 2008. Haberman asked, "And that will be for an evidentiary hearing on the arbitration?" The court affirmed Haberman's understanding and stated it would hold a court trial on the declaratory relief cause of action at the same time. The court reiterated at the end of the hearing: "So, again, matter set for April 28, 2008 on the petition to compel arbitration and the bifurcated cause of action for declaratory relief on the arbitration issues." After the hearing, plaintiffs served Haberman with a notice stating the court denied the arbitration motion without prejudice. But the court's minute order stated no such thing. The order stated the court "modifie[d] the tentative ruling as follows: [¶] . . . [¶] The Court bifurcates on the issue of Arbitration and Declaratory Relief Action, and sets those matters for a Court Trial/Evidentiary Hearing on 04/28/2008 . . . ."

█ Thus, the court continued the arbitration matter for a further evidentiary hearing, without ruling on the motion or issuing an injunction. "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 [107 Cal.Rptr.2d 149, 23 P.3d 43].) "A trial court's order is appealable when it is made so by statute." (*Ibid.*) No statute authorizes an appeal from an order continuing a hearing. And no persuasive authority equates a continuance with an appealable order issuing a prohibitory injunction.[5] To the extent Haberman's appeal challenges the court's "order" on the arbitration motion, it is dismissed.

---

[5] Some orders short of an outright denial of an arbitration petition are sufficiently final to be immediately appealable. (*Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 447–448 [54 Cal.Rptr.3d 232] [citing cases].) Thus, contrary to plaintiffs' claim, if the court had denied the arbitration petition without prejudice, that order would have been appealable. (*Sanders v. Kinko's, Inc.* (2002) 99 Cal.App.4th 1106, 1109–1110 [121 Cal.Rptr.2d 766], overruled on other grounds in *Green Tree Financial Corp. v. Bazzle* (2003) 539 U.S. 444 [156 L.Ed.2d 414, 123 S.Ct. 2402] (plur. opn. of Breyer, J.).)

## DISPOSITION

The appeal from the order continuing the arbitration hearing is dismissed. The order denying the anti-SLAPP motion is affirmed. Plaintiffs shall recover their costs on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 22, 2009, S173206. George, C. J., did not participate therein.