Filed 5/15/24  County of San Diego v. B.M. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO, | D082172 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 21DF001579C) |
| B.M., | |
| Respondent and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Deborah C. Cumba, Commissioner.  Reversed.

Law Offices of Alexandra R. McIntosh and Alexandra R. McIntosh for Respondent and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako and Darin L. Wessel, Deputy Attorneys General for Plaintiff and Respondent.

In this child support enforcement action, the County of San Diego's Department of Child Support Services (DCSS) concedes that the commissioner presiding in the superior court's Family Support Division (FSD) erred in denying a stipulated continuance request. We accept the concession and reverse.

In 2020, B.M. (Father) and K.W. (Mother), the parents of two young children, separated. Father moved out of the family home, and in 2021, Mother filed for a civil restraining order against him.[2] Father then hired attorney McIntosh and filed a paternity action. Later that same year, DCSS became involved after it filed a complaint on Mother's behalf in the FSD. This created two pending actions: the paternity case in family court, which primarily concerned Father's request for joint legal and physical custody of the children, and the FSD action, which primarily concerned Father's financial support of the children.[3]

In October 2021, in the FSD case, Commissioner (now Judge) McLaughlin ordered child support based on information she had at the time

---

[1]     This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

[2]     While litigation regarding the restraining order was ongoing, we do not detail it here as it essentially resulted in a "cooling off period" and has little to do with the issues presented in this appeal.

[3]     In the FSD case, Father contested the DCSS's guideline support because he claimed (1) it did not take into account the full picture of both his and Mother's incomes and (2) it was premature to determine his support amount before his custody share was decided.

regarding the parents' respective incomes[4] and Father's timeshare with the children (which was about 5.25 percent). The commissioner intended to review her order in early 2022 and directed the parents to file updated income and expense declarations in the meantime. The court later pushed this hearing back to April.

Within two months of the child support order, Father lost his job. He filed for modification of his support obligations on that basis. In the related paternity action, he had been asking for financial discovery from Mother. For at least a few months during this period, Mother had limited-scope representation from attorney Sabrina Marroquin, who attempted unsuccessfully to obtain the needed financial information from her client. In response to Mother's noncompliance with discovery, Father filed both a motion to compel and a request for sanctions. The family court granted the motion to compel in March 2022, ordering Mother to respond to discovery within 30 days, and continued the sanctions issue to the trial date (June 2022). Back in the FSD case, Commissioner McLaughlin decided to reserve her consideration of both Father's child support modification request and the review of her initial support order until August 2022. Presumably, she planned to wait until after the paternity trial in June so she could take into account the custody arrangement and any further financial information the trial illuminated. In addition to reserving on those issues, she instructed Mother to send her discovery responses directly to attorney McIntosh.

---

[4]    Father filed an income and expense declaration prior to this hearing, but Mother apparently did not. According to attorney McIntosh, Commissioner McLaughlin based her understanding of Mother's income on one partially redacted pay stub. The County also indicates in its brief that this lack of full financial information accounted, at least in part, for the commissioner's decision to review her child support order within three months.

Mother continued her pattern of inadequate responses to the financial discovery.  As a result, McIntosh struggled to prepare fully for the paternity trial.  In June 2022, she asked the court to push back the trial date and expedite its consideration of sanctions against Mother, adding a request for issue, evidentiary or terminating sanctions in addition to the previously suggested monetary sanctions.  The family court told McIntosh to file a request to shorten time and add issue sanctions with the FSD.  It then rescheduled the paternity trial for February 2023.

McIntosh followed the court's instructions, asking Commissioner McLaughlin in the FSD to shorten time on the monetary sanctions motion and impose additional kinds of sanctions against Mother.  She further requested that the commissioner consider Father's modification of child support motion later, once the financial position of the parties was clearer.  Commissioner McLaughlin agreed, pushing the August 2022 hearing out to late September, and noting she "hop[ed] to review the child support and discovery issues at the next date."  In the meantime, she "encourag[ed] communication between the parties to resolve what [Mother] still needs to send as responses."

Despite this admonition, Mother apparently continued to withhold the requested information.[5]  The FSD case was then transferred to

---

[5]     Mother maintained that certain attempts she made were sufficient, such as her representation that she gave her attorney the information. But correspondence between Marroquin and McIntosh from May to June 2021 indicates that Marroquin asked Mother for the discovery responses at least twice, but never received the information to pass on to McIntosh. Mother also seemed to think that her rejected e-filings constituted service, and, oddly, did not simply forward whatever documents she was attempting to upload directly to McIntosh.  This was despite reminders from McIntosh that she needed to serve her office directly, as ordered by both the family

4

Commissioner Cumba in early September 2022, and at the subsequent hearing, she elected to refer the "discovery motion" (presumably including the sanctions requests) back to family court and continued her review of the child support order until March 9, 2023—after the paternity trial was scheduled to occur. She once again reminded Mother of her obligation to respond to Father's discovery requests.

Three days before the February paternity trial was set to begin, Mother hired a new lawyer, Aaron Smith.[6] He requested and obtained a continuance so he could familiarize himself with the case.[7] This again delayed the trial in family court until May 2023.

In the interim, the parties' next FSD hearing before Commissioner Cumba was scheduled for March 9, 2023. In communications prior to that hearing, attorneys Soto (who represented DCSS), Smith, and McIntosh all agreed it would make sense to ask for yet another continuance in the FSD case in the hopes that the twice-delayed paternity trial would finally resolve the custody and visitation issues, enabling the commissioner to then make an award of child support with (1) full financial information from both parties, and (2) a clear understanding of Father's timeshare with the children. Attorney Soto's e-mail to McIntosh on March 3 specifically said that he spoke with Smith, and since the attorneys had "an agreement" as to the continuance, McIntosh and Smith did not need to appear at the FSD hearing. Soto stated he would "appear for both parties and get a new date."

---

court and the FSD. Ultimately, the record indicates McIntosh never received sufficient financial information from Mother.

[6] It appears that Mother was self-represented for some period prior to obtaining new counsel.

[7] Due to the numerous delays, McIntosh declined to stipulate to the continuance.

In a confusing turn of events, Soto appeared before Commissioner Cumba on March 9 and told her he had a "concern" about the joint request for a continuance. He pointed out that the matter had been on calendar since 2021, but then pivoted to recounting the outstanding discovery problems and Mother's recent retention of attorney Smith as legitimate reasons for the continuance. This led to a discussion between the court and Soto which focused on the high number of continuances and how long the issue had been on calendar.

The court then asked if McIntosh and Smith could appear by video. McIntosh was able to do so after a recess. Although she attempted to explain the reasons for the continuance, the court ultimately denied the request. In doing so, the commissioner noted that no income and expense declarations had been recently filed by the parties, and that "any change in custody [was] not going to impact the support going back in time." McIntosh responded to the indicated ruling by asking if the court would, at a minimum, reserve jurisdiction to retroactively adjust the child support order. Commissioner Cumba again declined, stating that "enough time has passed for discovery and for any responses to have been compelled." McIntosh then explained that discovery had not been completed because Mother never complied with the orders, which was the reason she had filed multiple sanctions requests. This clarification did not prompt the commissioner to reassess her decision. After the hearing, McIntosh filed a motion for reconsideration that was also

6

denied on the basis that it brought no new facts to the court's attention. This appeal followed.[8]

Our central concern with this case is that Father was penalized for delays caused primarily by the court and the opposing party. The procedural history shows there was a proverbial volley regarding discovery and sanctions between two separate benches that, at different times, thought the ball belonged in the other court.[9] The substitution of commissioners probably did not help, nor did attorney Soto's perplexing pivot at the March 9 hearing. Other postponements were caused by Mother's noncompliance regarding discovery and her retention of new counsel just days before the paternity trial was scheduled to start. Insofar as Father requested continuances, it was in response to action or inaction on Mother's part.[10]

It is unclear what else Father could have done to expedite the timeline in these two matters. He filed a motion to compel Mother's discovery

---

[8] Generally, the grant or denial of a continuance is not appealable. (See *Century 21 Chamberlain & Associates v. Haberman* (2009) 173 Cal.App.4th 1, 6.) However, as we previously determined in our order allowing this appeal to proceed, the portion of the court's order denying Father's motion to modify child support is reviewable by this court. (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.)

[9] As we detail above, initially it seemed that both courts thought the family court should first resolve the paternity action before the FSD considered Father's motion to modify child support. Father requested discovery and filed his motion to compel in the family court. Given this, it would have made sense for Father's sanctions requests to be housed in the family court as well, but in June 2022, McIntosh was directed by that court to go to the FSD with the sanctions—only to have the FSD then kick the entire discovery issue back to the family court in September 2022.

[10] For example, McIntosh asked to continue the paternity trial in June 2022 because she still lacked Mother's discovery responses and could not adequately prepare.

responses and two requests for sanctions. McIntosh reminded the court in the various hearings about the outstanding discovery issues, which resulted in three separate instances where the court directed Mother to provide the information and send it directly to McIntosh. Despite these instructions, McIntosh still did not receive the required responses.

We review both child support orders and denials of continuance requests for an abuse of discretion. (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1046; *In re Marriage of Tara and Robert D.* (2024) 99 Cal.App.5th 871, 881.) Here, Commissioner Cumba's denial of the continuance resulted in the dismissal of Father's motion to modify child support before it was ever considered on the merits. The commissioner's reasoning was not in accord with her earlier decision to continue the case until the paternity action was resolved, or the similar decisions made by Commissioner McLaughlin. And it does not appear that, at least in the moment, the court appreciated why there had been so many delays or considered the fact that discovery was only outstanding because Mother had not complied with the court orders. The result of this decision was to penalize the party who had been diligent throughout the case, and to inadvertently reward the other party for avoiding her obligation to provide full financial discovery. This runs contrary to both reason and fairness.

Moreover, the court's comment that retaining jurisdiction to retroactively modify the child support order was unnecessary makes little sense given the ongoing need for Mother to supply sufficient financial information not only to Father, but also to the court. Even if a change in the physical custody arrangement between the parents would not affect child support retroactively, a fuller financial picture from both parties certainly could.

8

Based on all this, we understand why the County concedes the court abused its discretion. We agree and, accordingly, reverse.[11]

## DISPOSITION

We reverse the portion of the March 9, 2023 order that effectively denied Father's motion to modify child support without a hearing. We remand to the FSD court with instructions to hear this motion on the merits. The court should allow both parties to file an updated income and expense declaration and may impose sanctions as it sees fit if either party fails to do so in a timely manner. Father is entitled to costs on appeal.

DATO, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

---

[11] Because we reverse the court's denial of the continuance, we need not address Father's argument that the court erred in denying his motion for reconsideration.

9