Filed: 6/19/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| YASSIN OLABI,<br><br>    Plaintiff and Respondent,<br>v.<br><br>NEUTRON HOLDINGS, INC.,<br><br>    Defendant and Appellant. | A156990<br><br>(San Francisco City and County<br>Super. Ct. No. CGC-18-569564) |

Yassin Olabi sued Neutron Holdings, Inc. (doing business as Lime) for Labor Code violations under the Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.)[1] and for unfair competition (Bus. & Prof. Code, § 17200 et seq.).  Lime filed a petition to compel arbitration.  Prior to the hearing, Olabi dismissed the unfair competition claim.  The trial court denied the petition.  Because the language of the arbitration agreement broadly excludes PAGA actions, we affirm.

### BACKGROUND

#### A.

The Legislature enacted the Private Attorney General Act in September 2003 after determining that law enforcement agencies lacked the resources to enforce adequately California's labor laws.  (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 379.) In a PAGA action, an aggrieved employee—acting as a proxy for state enforcement

---

[1]  Undesignated statutory references are to the Labor Code.

1

agencies—may sue an employer on behalf of herself and other aggrieved employees for Labor Code violations.   (*Id.* at p. 381.)  When the parties have a preexisting arbitration agreement, California law blocks the employer from enforcing the agreement with respect to representative PAGA claims for civil penalties; however, the agreement may be enforceable with respect to other claims, including claims for victim-specific relief (like unpaid wages). (*Id.* at pp. 384-389, 391-392; *ZB, N.A. v. Superior Court*  (2019) 8 Cal.5th 175, 198.)

**B.**

Lime rents electric bicycles and scooters in metropolitan areas.  In August 2018, Olabi entered into an agreement with Lime to locate, recharge, and redeploy its scooters. The agreement contains an "Arbitration Provision" that required Olabi and Lime to arbitrate "any and all disputes between or among them," including Olabi's classification as an independent contractor. However, the same section contains an exception for PAGA representative actions: "this Arbitration Provision . . . shall [not] apply to a representative action brought on behalf of others under [PAGA]; any representative action brought under PAGA on behalf of others must be litigated in a court of competent jurisdiction."

**C.**

In the fall of 2018, Olabi filed a complaint alleging Lime intentionally misclassified him and others as independent contractors, resulting in the violation of various Labor Code provisions, such as the right to a minimum wage.  (§ 558.)  Olabi's operative first amended complaint included causes of action under the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) and PAGA (§ 2698 et seq.).  Olabi brought the PAGA claim on behalf of himself and others.

In response, Lime petitioned to compel arbitration and stay the proceedings, arguing Olabi was required to arbitrate independent contractor classification disputes. Lime further argued the exception for representative actions did not cover the unfair competition claim or the PAGA claim to the extent that Olabi sought victim-specific relief.

Several weeks before the hearing on Lime's petition, Olabi voluntarily dismissed his unfair competition claim with prejudice. During the hearing, Olabi disavowed any claim for victim-specific relief, and he requested leave to file an amended complaint. The trial court denied Lime's petition without prejudice and granted Olabi leave to amend. That day, Olabi filed a second amended complaint, omitting the already-dismissed Unfair Competition claim and explicitly pleading he was not seeking victim-specific relief under PAGA.

## DISCUSSION

### A.

Because the facts are undisputed, we review de novo the trial court's denial of Lime's motion to compel arbitration. (*Nunez v. Novell Group, Inc.* (2019) 35 Cal.App.5th 838, 845.)

### B.

Preliminarily, Lime mischaracterizes the trial court's order by suggesting that it improperly deferred ruling on the petition so that Olabi could amend his complaint to eliminate Lime's right to arbitration.

That is not what happened. Olabi voluntarily dismissed the unfair competition claim weeks before the hearing. (Code Civ. Proc., §§ 581, subds. (b)-(d) [parties may voluntarily dismiss with prejudice any part of an action before trial commences and is effective immediately], 581d [dismissal is effective for all purposes].) During the hearing, Olabi's counsel further

3

clarified that Olabi abandoned all victim-specific claims. (See, e.g., *Diamond Springs Line Co. v. American River Constructors* (1971) 16 Cal.App.3d 581, 607 [counsel abandoned claim in open court].) This left only a single cause of action—a representative PAGA action for civil penalties, which Olabi argued is not arbitrable. The court denied the petition. It is inapposite that the court also granted Olabi leave to amend his complaint or that it suggested the parties negotiate a solution to the arbitration issue.[2] The question is whether, on the merits, the court correctly denied the petition.

## C.

Limes' main argument is that the agreement requires the parties to arbitrate the substantive dispute underlying the PAGA claim—whether Lime misclassifies employees. We disagree.

Lime argues as follows. The parties agreed to arbitrate "any and all disputes," including whether Lime misclassifies its employees, and Lime wants to arbitrate that dispute. Lime concedes that a representative PAGA claim for civil penalties is not arbitrable under *Iskanian v. CLS Transportation Los Angeles, LLC, supra,* 59 Cal.4th 348. But it says that the court must stay the PAGA claim while the parties arbitrate the underlying misclassification dispute, and afterwards they would return to court to litigate the PAGA claim (unless Olabi loses the arbitration, leaving nothing left to litigate). The parties dispute whether a representative PAGA claim may be split in this manner.

---

[2] Lime obliquely suggests that the Federal Arbitration Act (9 U.S.C. § 1 et seq.) preempts state procedural rules allowing a party to "modify" a complaint to avoid arbitration but fails to provide any cogent analysis. We deem the contention forfeited. (*Associated Builders & Constructors, Inc. v. San Francisco Airport Com.* (1999) 21 Cal.4th 352, 366, fn.2.)

We need not decide the issue because Lime's argument falls at the first hurdle: the agreement. Section 13 of the agreement contains the "Arbitration Provision," which does indeed require the parties to arbitrate "any and all disputes" between them, including potential employee misclassification. But later in the same section, the agreement carves out PAGA representative actions:

> Neither this Arbitration Provision nor the Class Action Waiver shall apply to a representative action brought on behalf of others under [PAGA]; any representative action brought under PAGA on behalf of others must be litigated in a court of competent jurisdiction.

The term "action" generally means "suit" and refers to the entire judicial proceeding, from complaint to judgment. (See *Nassif v. Municipal Court* (1989) 214 Cal.App.3d 1294, 1298; Code Civ. Proc., § 22.) Thus, the plain language of the carve-out removes a PAGA lawsuit from the "disputes" otherwise arbitrable under the Arbitration Provision and requires the lawsuit to be litigated in court.

Although Olabi specifically points to the carve-out in his brief, Lime does not explain how it can invoke the "dispute" language in the Arbitration Provision when the carve-out says—without qualification—that the entire Arbitration Provision "shall [not] apply" to a representative PAGA action. Nor does it explain how it may litigate the substance of the PAGA action in an arbitration when the carve-out says—again, without qualification—that the PAGA action "must be litigated in a court." Lime simply insists that the parties agreed to arbitrate all "disputes," which is pure sophistry.

Finally, Lime forfeits its argument the trial court was required to delegate to an arbitrator the issue of whether Olabi's complaint alleges claims that fall outside of PAGA. It did not make that argument below.

5

(*P&D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1344.)

The trial court did not err.

## DISPOSITION

The trial court's order denying Lime's petition to compel arbitration is affirmed.  Olabi's request to dismiss the appeal as frivolous is denied.

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
NEEDHAM, J.

A156990

San Francisco Superior Court, Case No. CGC-18-569564, Hon. Richard Ulmer, Jr.

Rosen Bien Galvan & Grunfeld LLP, Gay Crosthwait Grunfeld, Michael Freedman and Jenny S. Yelin, for Plaintiff and Respondent.

Gibson, Dunn & Crutcher LLP, Joshua S. Lipshutz, Michael Holecek and Stephanie Balitzer, for Defendant and Appellant.